```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                               :
UNITED STATES OF AMERICA                                       :    SEALED INDICTMENT
                                                               :
           - v. -                                              :    S2 23 Cr. 136
                                                               :
LEOBARDO GARCIA CORRALES,                                      :
      a/k/a "Leo,"                                             :
MARTIN GARCIA CORRALES,                                        :
      a/k/a "Tano,"                                            :
      a/k/a "Cachuchas,"                                       :
HUMBERTO BELTRAN CUEN,                                         :
      a/k/a "Don Chino," and                                   :
ANASTACIO SOTO VEGA,                                           :
      a/k/a "Tachin,"                                          :
                                                               :
           Defendants.                                         :
                                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## COUNT ONE
### (Fentanyl Importation Conspiracy)

The Grand Jury charges:

1. From at least in or about August 2022, up to and including on or about the date of the filing of this Indictment, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, LEOBARDO GARCIA CORRALES, a/k/a "Leo," MARTIN GARCIA CORRALES, a/k/a "Tano," a/k/a "Cachuchas," HUMBERTO BELTRAN CUEN, a/k/a "Don Chino," and ANASTACIO SOTO VEGA, a/k/a "Tachin," the defendants, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that LEOBARDO GARCIA CORRALES, a/k/a "Leo," MARTIN GARCIA CORRALES, a/k/a "Tano," a/k/a "Cachuchas," HUMBERTO BELTRAN CUEN, a/k/a "Don Chino," and ANASTACIO SOTO VEGA, a/k/a "Tachin," the defendants, and others known and unknown, would and did import into the United States and into the customs territory of the United States from a place outside thereof a controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

3. It was further a part and an object of the conspiracy that LEOBARDO GARCIA CORRALES, a/k/a "Leo," MARTIN GARCIA CORRALES, a/k/a "Tano," a/k/a "Cachuchas," HUMBERTO BELTRAN CUEN, a/k/a "Don Chino," and ANASTACIO SOTO VEGA, a/k/a "Tachin," the defendants, and others known and unknown, would and did manufacture, distribute, and possess with intent to distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3).

4. The controlled substance that LEOBARDO GARCIA CORRALES, a/k/a "Leo," MARTIN GARCIA CORRALES, a/k/a "Tano," a/k/a "Cachuchas," HUMBERTO BELTRAN CUEN, a/k/a "Don Chino," and ANASTACIO SOTO VEGA, a/k/a "Tachin," the defendants, conspired to (i) import into the United States and into the customs territory of the United States from a place outside thereof, and (ii) manufacture, distribute, and possess with intent to distribute, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles

of the coast of the United States, was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 960(b)(1)(F).

Overt Acts

5. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed:

a. On or about August 11, 2022, LEOBARDO GARCIA CORRALES, a/k/a "Leobardo," the defendant, attended a meeting at a ranch in Sinaloa, Mexico, which was protected by armed guards carrying AK-47s. During the meeting, LEOBARDO GARCIA CORRALES negotiated the sale of fentanyl in the United States, ordered his workers to retrieve and display a sample kilogram of fentanyl, stated that he had recently produced approximately 1,000 kilograms of fentanyl, and offered to mail fentanyl to New York for $15,000 per kilogram.[1] LEOBARDO GARCIA CORRALES also stated that he was close with both Joaquín Archivaldo Guzmán Loera, a/k/a "El Chapo," the former leader of the Sinaloa Cartel, and Ismael Zambada Garcia, a/k/a "El Mayo," who leads a faction of the Sinaloa Cartel.

b. On or about September 19, 2022, during a meeting at a restaurant in Mexico City, Mexico, LEOBARDO GARCIA CORRALES stated that he was moving his drug laboratories to Oaxaca, Mexico, which would produce approximately one ton of fentanyl, and that his source of supply for fentanyl precursor chemicals was based in China. LEOBARDO GARCIA CORRALES also stated that one of the largest drug laboratories ever seized in Guatemala was a

---

[1] All descriptions of communications herein are set forth in substance and in part.

Sinaloa Cartel lab belonging to LEOBARDO GARCIA CORRALES and his "good friend" El Chapo.

    c. On or about October 14, 2022, in the parking lot of a large retail store in Paramount, California, an associate working for LEOBARDO GARCIA CORRALES delivered to a buyer a box containing approximately ten kilograms of fentanyl, as pictured below:



    d. On or about August 26 and 27, 2022, MARTIN GARCIA CORRALES, a/k/a "Tano," a/k/a "Cachuchas," and HUMBERTO BELTRAN CUEN, a/k/a "Don Chino," the defendants, met in Mazatlan, Mexico to negotiate the sale of kilogram quantities of fentanyl in the United States. During the meetings, MARTIN GARCIA CORRALES stated that he and his brother, LEOBARDO GARCIA CORRALES, had a long-standing relationship with El Chapo, and that they both sheltered El Chapo at their ranch when he first escaped from prison in Mexico. MARTIN GARCIA CORRALES also discussed a future meeting to conduct narcotics trafficking business with LEOBARDO GARCIA CORRALES at MARTIN GARCIA

4

CORRALES's ranch. BELTRAN CUEN described LEOBARDO GARCIA CORRALES as one of the most important figures in Sinaloa.

    e.  On or about September 2, 2022, in the parking lot of a large retail store in Perris, California, an associate working for MARTIN GARCIA CORRALES delivered to a buyer approximately one kilogram of fentanyl.

    f.  On or about September 23, 2022, MARTIN GARCIA CORRALES and BELTRAN CUEN met at a restaurant in Sinaloa, Mexico, where MARTIN GARCIA CORRALES was accompanied by an armed guard carrying a handgun. During the meeting, MARTIN GARCIA CORRALES stated that he wanted to purchase hundreds of automatic weapons as well as .50 caliber rifles and grenades in order to defend himself and his associates in their drug trafficking activities.

    g.  On or about November 14, 2022, MARTIN GARCIA CORRALES and BELTRAN CUEN met at a restaurant in Mazatlan, where MARTIN GARCIA CORRALES agreed to purchase hundreds of automatic rifles and other weapons, including grenades, with payment for the weapons in the form of fentanyl to be imported and delivered in the United States.

    h.  During a series of meetings on or about December 14 and 15, 2022 in Vienna, Austria, ANASTACIO SOTO VEGA, a/k/a "Tachin," the defendant, inspected an array of military-grade weapons on behalf of MARTIN GARCIA CORRALES, LEOBARDO GARCIA CORRALES, and BELTRAN CUEN, in furtherance of the weapons-for-fentanyl deal discussed

above, including AK-47 automatic rifles, plastic explosives, hand grenades, and submachine guns, some of which are pictured below:



Following the inspection, SOTO VEGA provided a list of weapons that the defendants wished to purchase in exchange for their fentanyl, including approximately 500 AR-15 automatic rifles (half equipped with M203 grenade launchers), 20 rocket-propelled grenades, 500 ballistic vests, and 500 handguns. SOTO VEGA further discussed that the weapons would be purchased in part in exchange for fentanyl to be delivered in the United States, and stated he was from Sinaloa.

    i. In or about February 2023, at multiple locations in and around Los Angeles, California, associates working for MARTIN GARCIA CORRALES delivered a total of approximately 33 kilograms of fentanyl to buyers as partial payment for the above-described weapons-for-fentanyl transaction, including fentanyl belonging to LEOBARDO GARCIA CORRALES. Two of those deliveries of approximately 18 kilograms of fentanyl on or about

6

February 2, 2023 (left) and approximately 14 kilograms of fentanyl on or about February 13, 2023 (right) are pictured below:

 

(Title 21, United States Code, Section 963; and Title 18, United States Code, Section 3238.)

## COUNT TWO
**(Possession of Machineguns and Destructive Devices)**

The Grand Jury further charges:

6. From at least in or about August 2022, up to and including on or about the date of the filing of this Indictment, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, and for which at least one of two or more joint offenders is expected to be first brought to and arrested in the Southern District of New York, LEOBARDO GARCIA CORRALES, a/k/a "Leo," MARTIN GARCIA CORRALES, a/k/a "Tano," a/k/a "Cachuchas," HUMBERTO BELTRAN CUEN, a/k/a "Don Chino," and ANASTACIO SOTO VEGA, a/k/a "Tachin," the defendants, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit, the offense charged in Count One of this Indictment, knowingly used and

carried firearms, and, in furtherance of such crime, knowingly possessed firearms, and aided and abetted the use, carrying, and possession of firearms, including machineguns that were capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger, as well as destructive devices.

(Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 3238, and 2.)

## COUNT THREE
### (Conspiracy to Possess Machineguns and Destructive Devices)

The Grand Jury further charges:

7. From at least in or about August 2022, up to and including on or about the date of the filing of this Indictment, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, LEOBARDO GARCIA CORRALES, a/k/a "Leo," MARTIN GARCIA CORRALES, a/k/a "Tano," a/k/a "Cachuchas," HUMBERTO BELTRAN CUEN, a/k/a "Don Chino," and ANASTACIO SOTO VEGA, a/k/a "Tachin," the defendants, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 924(c).

8. It was a part and an object of the conspiracy that LEOBARDO GARCIA CORRALES, a/k/a "Leo," MARTIN GARCIA CORRALES, a/k/a "Tano," a/k/a "Cachuchas," HUMBERTO BELTRAN CUEN, a/k/a "Don Chino," and ANASTACIO SOTO VEGA, a/k/a "Tachin," the defendants, and others known and unknown, would and did, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit, the offense charged in Count One of this Indictment, knowingly use and carry firearms, and, in furtherance of such crime, knowingly possess firearms, including machineguns that were

capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger, as well as destructive devices, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(B)(ii).

(Title 18, United States Code, Sections 924(o) and 3238.)

## FORFEITURE ALLEGATIONS

9. As a result of committing the controlled substance offense charged in Count One of this Indictment, LEOBARDO GARCIA CORRALES, a/k/a "Leo," MARTIN GARCIA CORRALES, a/k/a "Tano," a/k/a "Cachuchas," HUMBERTO BELTRAN CUEN, a/k/a "Don Chino," and ANASTACIO SOTO VEGA, a/k/a "Tachin," the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

10. As a result of committing the firearms offenses charged in Counts Two and Three of this Indictment, LEOBARDO GARCIA CORRALES, a/k/a "Leo," MARTIN GARCIA CORRALES, a/k/a "Tano," a/k/a "Cachuchas," HUMBERTO BELTRAN CUEN, a/k/a "Don Chino," and ANASTACIO SOTO VEGA, a/k/a "Tachin," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), all firearms and ammunition involved in and used in the commission of the offenses charged in Counts Two and Three of this Indictment.

Substitute Assets Provision

11. If any of the above-described forfeitable property, as a result of any act or omission of LEOBARDO GARCIA CORRALES, a/k/a "Leo," MARTIN GARCIA CORRALES, a/k/a "Tano," a/k/a "Cachuchas," HUMBERTO BELTRAN CUEN, a/k/a "Don Chino," and ANASTACIO SOTO VEGA, a/k/a "Tachin," the defendants:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 853 and 970;
Title 18, United States Code, Section 924(d); and
Title 28, United States Code, Section 2461(c).)

_____        _____
FOREPERSON                                                DAMIAN WILLIAMS
                                                          United States Attorney